**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **R.M.**

**No. 23-701** (Kanawha County 22-JA-502)

## MEMORANDUM DECISION

Petitioner Mother K.W.[1] appeals the Circuit Court of Kanawha County's November 8, 2023, order terminating her parental rights to R.M.,[2] arguing that the circuit court erred in accepting her voluntary relinquishment. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2022, the DHS filed a petition alleging that the child was abused and neglected due to the petitioner's drug abuse. According to the petition, the petitioner tested positive for multiple illegal substances, including fentanyl and marijuana, when the child was born; the petitioner admitted to using heroin during her pregnancy; and the child suffered withdrawal symptoms after his birth. Following the petitioner's stipulated adjudication, the parties convened for a dispositional hearing in September 2023. The petitioner, who was represented by counsel, advised the circuit court that she wished to relinquish her parental rights to the child. In a sworn colloquy with the court, the petitioner confirmed that she was not threatened or promised anything in exchange for her relinquishment, understood that she was not required to relinquish her rights, and was entitled to have the DHS present its case against her. The petitioner also testified that she understood she was "giving up [her] rights" and that her decision was permanent and could not be reversed. Based on the petitioner's testimony, the circuit court accepted the petitioner's voluntary

---

[1] The petitioner appears by counsel Barbara L. Baxter, who filed the brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General James Wegman. Counsel Joseph H. Spano Jr. appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

relinquishment and terminated her parental rights.[3] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that it was erroneous for the circuit court to terminate her parental rights based on her voluntary relinquishment because "she should not have had to relinquish her parental rights." Upon a review of the record, we find no error in the termination of the petitioner's parental rights based on her voluntary relinquishment. We have held that

> [p]ursuant to Rule 35(a)(1) of the West Virginia Rules of Procedure for Child Abuse and Neglect, an oral voluntary relinquishment of parental rights is valid if the parent who chooses to relinquish is present in court and the court determines that the parent understands the consequences of a termination of parental rights, is aware of less drastic alternatives than termination, and is informed of the right to a hearing and to representation by counsel.

Syl. Pt. 1, *In re Tessla N.M.*, 211 W. Va. 334, 566 S.E.2d 221 (2002). Here, the petitioner was present and represented by counsel at the hearing. The petitioner's testimony confirmed that she understood the consequences of relinquishing her rights, the alternatives to termination, and her right to a hearing. Furthermore, the petitioner does not argue that she agreed to relinquish her parental rights as a result of fraud or duress, nor was there any evidence indicative of fraud or duress apparent from the record. *See id.* at 339, 566 S.E.2d at 226 (noting that "all agreements to terminate parental rights must be free from duress and fraud"). Accordingly, the petitioner is entitled to no relief.

For the foregoing reasons, the circuit court's November 8, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: November 6, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3] The father's parental rights were also terminated. The permanency plan for the child is adoption in his current placement.